NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| AZMAT J. RAZA AND SYED I. RAZA, | : | **Hon. Dennis M. Cavanaugh** |
| | : | |
| Plaintiffs/Appellants, | : | **OPINION** |
| | : | |
| v. | : | Civil Action No. 2:07-cv-02576 (DMC); |
| | : | Civil Action No. 2:07-cv-04168 (DMC) |
| DONALD V. BIASE | : | |
| TRUSTEE, ROSE COLOR, INC. | : | |
| | : | |
| Defendant/Appellee. | : | |
| | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon three appeals from two Orders of the United States Bankruptcy Court for the District of New Jersey ("bankruptcy court") and upon a motion seeking this Court's recusal from this matter. The first appeal (Docket number 07-2576) arises from an order denying Azmat J. Raza ("Azmat Raza"or "Raza") and Syed I. Raza's ("Syed Raza") (collectively, "Appellants") motion for recusal of the Bankruptcy Judge ("Judge Gambardella"). The second and third appeals (Docket number 07-4168) arise from an order expunging Appellants' claims and denying Appellants' motion for stay pending appeal. Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After careful consideration, and based upon the following, it is the finding of this Court that Appellants' appeals from the orders denying disqualification and stay pending appeal are **denied;** the motion seeking this Court's recusal is **denied**; and the appeal from the order expunging Appellants' claims is **denied without prejudice**.

## I.    BACKGROUND

In 2003, Syed Raza filed, as President of Rose Color Inc., a Chapter 11 Voluntary

Petition.  Appellant Azmat Raza, Syed Raza's wife, was the largest equity holder of Rose Color,

Inc.  The Bankruptcy Court approved the appointment of Donald V. Biase as the Chapter 11

Trustee ("Appellee" or "trustee").  Appellants have since filed several motions and appeals

concerning the bankruptcy proceedings of this case.  See In re Rose Color Inc., 2005 U.S. Dist.

LEXIS 28124 (Nov. 16, 2005 D.N.J.) (05-4159 (DMC)); In re Rose Color Inc., 2005 U.S. Dist.

LEXIS 26471 (Nov. 3, 2005 D.N.J.) (04-4972, 05-2291, 05-3437 (DMC)).  It is important to note

that Syed Raza was found by this Court to lack standing on appeal.[1]  See In re Rose Color Inc.,

2005 U.S. Dist. LEXIS 26471 at *12.

Appellants base the current appeals and motion on allegations that (1) both the Appellee

and Judge Gambardella have acted fraudulently and criminally, thereby rendering the bankruptcy

proceedings corrupt and (2) this Court has extended the criminal and fraudulent conduct into the

appeals process.  (Appellants' Letter dated Dec. 28, 2007); (Appellants' Motion Demanding

Recusal at 1).

Appellants allege, *inter alia*, that Judge Gambardella "obstructed justice" and "cover[ed]

up federal crimes of DOJ and her officials".  (Appellants' Notice of Bankruptcy Appeal, Filed

March 7, 2007).  According to Appellants, the trustee abruptly closed down Rose Color, Inc. and

"secretly diverted" Rose Color, Inc.'s inventory and client list to a company called Narad

Marketing.  (Appellants' Letter dated June 26, 2007 at 3).  Appellants assert that these actions are

theft and that Judge Gambardella has an "interest in the business of Narad Marketing and is

covering up this theft and sale of stolen property."  Id.  Appellants also contend that Judge

Gambardella refused to review evidence Appellants offered that demonstrated fraudulent conduct

---

[1]  This Court will continue to refer to Appellants in the plural form.

on the part of the trustee and other individuals.  Among this evidence, Appellants argue, is proof

of the trustee's false statements made under oath.  See id.

Appellants' motion for this Court's recusal restates the allegations above and additionally

argues that this Court is involved with the alleged "cover up" initiated by Judge Gambardella.

(Appellants' Recusal Motion at 1).  Specifically, Appellants claim that they "recently obtained

information that Trustee's counsel again approached [Judge] Cavanaugh and this appears to be

the reason why [Judge] Cavanaugh is keeping [Appellants'] appeals in cold storage."

(Appellants' Recusal Motion at 5).  Appellants have not provided any documentation or evidence

in support of this motion.

## II.    STANDARD OF REVIEW

This Court has jurisdiction over final judgments and orders of the Bankruptcy Court

pursuant to 28 U.S.C. §158.  A district court applies a clearly erroneous standard to the

bankruptcy judge's findings of fact and reviews the bankruptcy judge's legal conclusions *de*

*novo*.  See FED. R. BANKR. P. 8013; In re Sharon Steel Corp., 871 F.2d 1217, 1222 (3d. Cir.

1989).  A factual finding is clearly erroneous if, in reviewing all the evidence, the reviewing

court is left with the "definite and firm conviction that a mistake has been committed", even if

there is evidence to support the finding.  In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d. Cir.

1992);  (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).  A

district court reviews the bankruptcy court's "exercise of discretion for abuse thereof."  Manus

Corp. v. NRG Energy, Inc., (In re O'Brien Envtl. Energy, Inc.), 188 F.3d 116, 122 (3d. Cir.

1999).  "A bankruptcy court abuses its discretion when its ruling is founded on an error of law or

a misapplication of law to the facts."  Id.

3

III.     DISCUSSION

      A.     **Appellants' Appeal from the Order Denying Motion to Disqualify Judge Gambardella is Denied and Appellants' Motion for Recusal is Denied**

"The decision of whether to recuse lies within the discretion of the trial judge." See Thompson v. Eva's Village and Sheltering Program, 2005 WL 2474930 *1 (D.N.J. Oct. 5, 2005); (citing United States v. Wilensky, 757 F.2d 594, 599-600 (3d. Cir. 1985)).   This Court reviews the denial of recusal for abuse of discretion.  See SecuraComm Consulting Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d. Cir. 2000).  Any United States justice, judge or magistrate judge shall recuse himself or herself if the judge has either (1) any impartiality in a proceeding that might reasonably be questioned, or (2) a personal bias or prejudice concerning a party.  See 28 U.S.C. §455(a)-(b)(1).  The test for determining impartiality under the first prong is whether a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned."  In re Kensington Int'l Ltd., 368 F.3d 289, 301 (3d. Cir. 2004). In addition, 28 U.S.C. §144 governs United States District Court Judges and requires a claimant to demonstrate, through an affidavit, that the judge has a personal bias or prejudice towards the claimant.

      Under both 28 U.S.C. §144 and §455, the party claiming bias or prejudice must show some extrajudicial source for the bias or prejudice.  See Thompson, 2005 WL at *1.  In other words, the claimant cannot use judicial actions, such as orders issued against the claimant, as the basis for a bias claim because those actions can be corrected on appeal.  See id. at *2.  "In the absence of extrajudicial bias, a party seeking recusal must show that a judge has a 'deep-seated and unequivocal antagonism that would render fair judgment impossible' to obtain recusal."  Id.

4

(quoting <u>Liteky v. United States</u>, 510 U.S. 540, 555 (1994)).

### 1.     Appellant's Appeal from February 23, 2007 Order Denying Motion to Disqualify Bankruptcy Judge is Denied

Appellants appeal the denial of the motion to disqualify Judge Gambardella from their bankruptcy case.  Appellants claim that, *inter alia*, the bankruptcy proceedings were fraught with criminal and fraudulent activity, which were perpetuated by Judge Gambardella.  For the following reasons, Appellants' claim is **denied**.

Pursuant to FED. R. BANKR. P. 8006, Appellants designate the following allegations as the relevant  issues on appeal from the February 23, 2007 Order: (1) the Bankruptcy Judge must be disqualified for failure to perform her duty; and (2) the Bankruptcy Judge engaged in obstruction of justice by covering up [unnamed] Department of Justice officials who committed, *inter alia*, conspiracy, fraud, theft, perjury and embezzlement; and (3) the Bankruptcy Judge harassed Appellants by issuing orders against them to silence their demands for accounting [of Narad Marketing's operations].  Appellants also request that the other parties to this matter be "investigated and dealt with according to law" and that the Bankruptcy Judge "be prevented from entering decisions, judgments and orders in this matter". (Appellants' Notice of Appeal dated March 7, 2007).

First, Appellants state that they "intend" to put forward a "lengthy" list of records that will "prove systematic obstruction of justice by the bankruptcy judge."  Appellants list all "relevant motions, transcripts, orders, exhibits on record of this case" as supporting documentation.  Id.  Currently, relevant orders and motions are included in the record, but this is the extent of the documentation available to this Court.  Appellants filed the notice of appeal on

5

March 7, 2007 and to date, Appellants have not provided any documentation or evidence to support their allegations against Judge Gambardella.  On June 1, 2007, Appellants were directed to furnish paper copies of these documents directly to this Court's chambers.  This Court set June 25, 2007 as the submission deadline for Appellants' brief in support of the appeal, however, this deadline was extended at Appellants' request to September 20, 2007, following additional appeals. Appellants were directed again to furnish paper copies of the designated Record on Appeal to this Court's chambers.  Appellants have failed to provide such documentation.

Unfavorable rulings against Appellants are rarely grounds for recusal.  SecuraComm Consulting Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d. Cir. 2000).  The extrajudicial doctrine requires Appellants to show some personal antipathy by the judge and not just judicial actions the Appellants may disagree with.  See Thompson, 2005 WL at *4; SecuraComm Consulting, Inc., 224 F.3d 278.  The only other evidence Appellants designate as support for this appeal are "documents and information...currently in possession of respondents...which Bankruptcy Judge ordered that the information remain secret."  (Appellants' Notice of Appeal dated March 7, 2007).  It is curious how Appellants are aware of these documents or how they will produce documents that currently "remain secret".  This Court cannot review evidence that may or may not exist.

Appellants have not demonstrated an extrajudicial source of bias by Judge Gambardella nor have Appellants demonstrated a "deep-seated and unequivocal antagonism" in the absence of an extrajudicial source.  Additionally, because there is no supporting documentation or evidence concerning Judge Gambardella's conduct, this Court is unable to review the bankruptcy

6

proceedings to determine whether a reasonable person, given all the facts, would conclude that Judge Gambardella's impartiality might reasonably be questioned.  Appellants' appeal is therefore **denied**.

### 2.    Appellants' Motion for Recusal of this Court is Denied

Appellants demand the recusal of this Court for the following reasons: (1) delay in responding to Appellants' letters, and (2) beneficial treatment towards Appellants' adversary counsel.  Appellants also demand a jury trial of all Appellants' appeals.  Appellee filed opposition to Appellants' motion and requested sanctions against Appellant.  For the following reasons, Appellants' motion for recusal is **denied**.

In order to recuse a District Court Judge, 28 U.S.C. §144 requires Appellants to file a timely and sufficient affidavit stating that the judge has a personal bias or prejudice against either Appellants or the adverse party.  See 28 U.S.C. §144 (2005).  A sufficient §144 affidavit requires facts that establish 'fair support' for the charge of bias.  Thompson, 2005 WL at *4; (quoting Smith v. Danyo, 585 F.2d 83, 87 (3d. Cir. 1978)).

Here, Appellants merely rely on unjustified allegations.  The sole statement in support of Appellants' motion for recusal is that they "recently obtained information that Trustee's counsel again approached [Judge] Cavanaugh and this appears to be the reason why [Judge] Cavanaugh is keeping our appeals in cold storage."  This is a nebulous assertion consisting of tenuous speculation.  Appellants have failed to show any support for this claim, much less "fair support".  See id. at *5 ((citing United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003) ("A presiding judge is not...required to recuse himself simply because of 'unsupported, irrational or highly

tenuous speculation'.")).  Accordingly, Appellants' motion is **denied**.

       B.           **Appellants' Appeal from July 9, 2007 Order Expunging Insider Claims is Denied without Prejudice**

Appellants appeal the bankruptcy court's order expunging all Appellants' claims.

Pursuant to FED. R. BANKR. P. 8006, Appellants present these issues on appeal:  (1) the

Bankruptcy Court issued various orders against Appellants, which amounted to harassment,  for

purposes of silencing Appellants' demand for accounting of the estate; (2) the Bankruptcy Court

held "trial by ambush" without notifying the Appellants; (3) the Bankruptcy Judge facilitated

proceedings fraught with criminal conduct in Appellants' case; and (4) the other parties in this

matter lied under oath during Appellants' bankruptcy proceedings.  For the following reasons,

Appellants' appeal is **denied without prejudice[2]**.

An order expunging claims in a bankruptcy proceeding is a final order appealable to the

District Court under 28 U.S.C. §158(a).  See Walsh Trucking Co., v. Insurance Co. of North

America, 838 F.2d 698, 701 (3d. Cir. 1988).  FED. R. BANKR. P. 8009 requires Appellants to

serve and file a brief within 15 days after entry of the appeal on the docket.  See FED. R. BANKR.

P. 8009(a)(1).  Here, the notice of appeal and the designation of the Record on Appeal were filed

on August 30, 2007.  The submission date for Appellants' brief was set for September 20, 2007.

On September 5, 2007, the Clerk's Office directed Appellants to furnish the paper copies of the

Record on Appeal directly to this Court's chambers.  On September 27, 2007, Appellants

submitted a letter stating that Appellants were out of state and only just received the court notice

---

    [2] The appeal is denied on a procedural deficiency, that is, lack of evidence or supporting documentation, and not on the merits.  Accordingly, this court denies without prejudice.

of the brief submission dates.  On December 28, 2007, Appellants requested, in seemingly

complete disregard for previous notices, that this court set dates for brief submission.

Appellants have allowed almost five months to pass without providing a brief or any

paper copies of the documents designated as the Record on Appeal to this Court.  Consequently,

Appellants have failed to offer any legal argument in support of their allegations.   Even if

Appellants had been granted an additional extension to file a brief, which they have not,

Appellants have still ignored two notices requesting paper copies of the Record on Appeal for

this Court to review.  The lack of Record on Appeal renders it impossible to review, for abuse of

discretion, the Bankruptcy Court's order expunging Appellants' claims.

### C.    Appellants' Appeal from an Order Denying Motion for Stay Pending Appeal is Denied as Moot

The bankruptcy court denied Appellants' motion for stay pending appeal of the order

denying disqualification of Judge Gambardella.  Appellants appeal the order denying stay

pursuant to FED. R. BANKR. P. 8005.  A District Court must consider the following factors when

determining whether to grant a stay pending appeal: (1) whether the Appellant is likely to

succeed on the merits of the appeal; (2) whether the Appellant will suffer irreparable harm if the

stay is denied; (3) whether a stay would substantially harm other parties to the litigation; and (4)

whether granting a stay is in the public interest.  See Family Kingdom v. EMIF New Jersey Ltd.

Pshp. (In re Family Kingdom), 1998 U.S. Dist. LEXIS 6752 at **10-11 (Apr. 29, 1998 D.N.J.).

The movant has the burden of demonstrating, at least, a likelihood of success on the merits.  See

id. at *10, fn 6 (citing Schulz v. United States Boxing Ass'n, 105 F.3d 127, 131; fn 6 (3d. Cir.

1997).

9

Appellants have not met the burden of demonstrating a likelihood of success on the merits to justify granting a stay.  This Court has neither a complete record to review, nor any other supporting documentation from Appellants.  Appellants rely on mere accusations alone. Since this Court has denied Appellants' appeal from the order denying disqualification of Judge Gambardella, this court denies Appellants' appeal from the order denying stay as moot.

## IV.    CONCLUSION

For the reasons stated, it is the finding of this Court that Appellants' appeals of an order denying the disqualification of Judge Gamberdella and denying stay pending appeal are **denied**; Appellants' motion seeking this Court's recusal is **denied**; and Appellants' appeal from the order expunging Appellants' claims is **denied without prejudice**.   An appropriate Order accompanies this Opinion.


 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.


Date:          March   7 , 2008
Orig.:         Clerk
cc:            All Counsel of Record
               Hon. Mark Falk, U.S.M.J.
               File