NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| AZMAT J. RAZA AND SYED I. RAZA, | **Hon. Dennis M. Cavanaugh** |
| Appellants, | **OPINION** |
| v. | Civil Action No. 2:07-CV-02576 (DMC); |
|  | Civil Action No. 2:07-CV-04168 (DMC) |
| DONALD V. BIASE, TRUSTEE, ROSE COLOR, INC. |  |
| Appellee. |  |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motions by non-parties, The Sherwin Williams Corporation ("Sherwin Williams") and Narad Marketing Corporation, Sookdeo Rekha ("Rekha"), and his spouse (collectively, "Narad Marketing Corporation") to quash subpoenas served by Azmat J. Raza and Syed I. Raza (collectively, "Appellants"), pursuant to FED. R. CIV. P. 45. Sherwin Williams moves to hold Appellants in contempt, with sanctions, of a court order. Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After carefully considering the submission of Sherwin Williams and Narad Marketing Corporation, and based upon the following, it is the finding of this Court that Sherwin Williams' Motion to Quash the Subpoena and Motion for Contempt and Sanctions is **granted**; Narad Marketing Corporation's Motion to Quash the Subpoena is **granted**.

I.  **BACKGROUND**

Appellants allege that Donald V. Biase, trustee of Rose Color, Inc. ("Trustee"), fraudulently transferred all of Rose Color, Inc.'s inventory and operations to Narad Marketing

Corporation. (Exhibit "E" at 1). According to Appellants, Rekha owns Narad Marketing Corporation and is selling inventory to Sherwin Williams that was created and manufactured by Appellants. Id. at 2; (Pl. Letter dated June 26, 2007).

On December 20, 2005, the United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court") entered an Order enjoining Appellants from filing motions or actions without leave of court pertaining to the case In re Rose Color Inc., Case No. 03-23667 (RG). (Exhibit "B"). Specifically, the Order states:

> [Appellants]...either individually, or collectively, are enjoined from filing further actions or motions pertaining to any issue already decided by this Court, including but not limited to the issue of removal or termination of the Trustee and the issue of whether the [Appellants] may conduct discovery against the Trustee or other parties, without first obtaining leave of court.

(Exhibit "B"). On July 9, 2007, the Bankruptcy Court expunged all of Appellants' claims and "precluded [Appellants] from filing additional claims against Debtor's estate." (Exhibit "C"). This Court dismissed Appellants' appeal of the order. Docket No. 07-2576, 07-4168 (March 7, 2008 (DMC)). On January 2, 2008, Appellants subpoenaed Sherwin Williams. The subpoena demands, *inter alia*, purchase orders, invoices, copies of payment checks, agreements of sale, proposals for sale, and other related documents pertaining to transactions between Sherwin Williams and Narad Marketing Corporation and concerning products and services that were previously supplied by Rose Color, Inc. (Exhibit "D"). Appellants subpoenaed PNC Bank for Narad Marketing Corporation's financial records. (Notice of Mot. to Quash Pl.'s Subpoena). The subpoena demands, *inter alia*, copies of all bank statements and cancelled checks for checking, savings and investment accounts held in the name of Narad Marketing Corporation, Rekha and his spouse. Id.

2

On January 23, 2008, Sherwin Williams filed a Motion to Quash the Subpoena and a Motion for Contempt and Sanctions. On February 7, 2008, Appellants signed a certified mail receipt confirming service of the motions. Sherwin Williams filed a supplemental exhibit "E" ("Exhibit "E"") that contains invoices for fees and costs incurred from the filing of the motions on February 8, 2008. (Exhibit "E"). Upon attempt of service to Appellants, Exhibit "E" was returned by Federal Express apparently because Appellants no longer resided at the address identified on the docket. (Sherwin Williams' Response to Pl. Letter at 2). Sherwin Williams verified Appellants' address by searching internet sites and contacting the United States Post Office. Id. at 2.

On February 14, 2008, Appellants filed a letter stating that they did not receive copies of the filings but confirmed the address identified on the docket. Id. [On February 13, 2008, however, Appellants filed a response to Exhibit "E" in a letter dated February 9, 2008. (Exhibit "E" at 1).] In this letter, Appellants specifically acknowledge service of Exhibit "E" on February 8, 2008. Id. at 2. Also in this letter, Appellants maintain that they were not served with the original motions filed by Sherwin Williams. Id. at 2. A representative at Sherwin Williams spoke directly with Syed Raza on February 14th, again confirming the address and agreed to again forward the motions and Exhibit "E" to Appellants. (Sherwin Williams' Response to Pl. Letter at 3). In the February 9, 2008 letter, Appellants state that because Appellants' motion to recuse this court in Appellants' matter was still pending, they are not responding to Sherwin Williams and Narad Marketing Corporation's motions until the recusal motion is decided.[1] (Appellants' Response to Exhibit "E" at 2).

---

[1] This Court denied the Motion for Recusal on March 7, 2008.

3

## II.     STANDARD OF REVIEW

The United States District Court for the District of New Jersey issued the subpoena in this matter.  Under FED. R. CIV. P. 45, the issuing court must quash a subpoena if it either (1) requires disclosure of privileged or protected matter and no waiver or exception applies; or (2) subjects a person to undue burden.  See FED. R. CIV. P. 45(c)(3)(A)(iii-iv).  Further, a court may quash a subpoena if the party serving the subpoena seeks disclosure of "a trade secret or other confidential research, development, or commercial information" yet the serving party has not shown a substantial need for this information.  FED. R. CIV. P. 45(c)(3)(B)(i), (C)(i).

In order to find a party in contempt for violating an order, a court must find that (1) a valid order exists, (2) the party has knowledge of the order and (3) the party disobeyed the order.  See Bunzl Distribution Northeast, LLC v. Boren, 2008 WL 43995 at *3 (D.N.J. Jan. 2, 2008) (citing John T. Ex rel. Paul T. V. Deleware County Intermediate Unit, 318 F.3d 545, 552 (3d. Cir. 2003)).  A finding of contempt must be supported by clear and convincing evidence, therefore, it should not be granted if there is doubt surrounding the wrongfulness of the party's conduct.  See id.  Any ambiguities should be resolved in favor of the party charged with contempt.  See id.  A court has "wide discretion" in imposing an appropriate sanction against a party in contempt.  See id. (quoting Robin Woods Inc., 28 F.3d at 399.)  The purpose of contempt sanctions are twofold: (1) to "coerce" the party into compliance with the court's order and (2) to compensate for losses resulting from the party's disobedience.  See id.

## III.    DISCUSSION

### A.    Sherwin Williams and Narad Marketing's Motions to Quash the Subpoenas are Granted because Appellants' Subpoenas Directly Violate Judge

4

### Gambardella's Order Precluding Appellants from Conducting Discovery without Leave of Court

Sherwin Williams seeks to quash the subpoena on the grounds that it (1) violates the December 20, 2005 court order issued by the Bankruptcy Court and (2) seeks commercial information of a non-party. (Br. in Supp. of Sherwin Williams' Mot. to Quash and Mot. for Contempt and Sanctions at 3, 5; In Re: Rose Color Inc., No. 2:07-cv-02576 (D.N.J. appeal docketed Aug. 30, 2007)). Narad Marketing files its motion on the grounds that Appellants have violated the December 20, 2005 Order and that the subpoena seeks personal and privileged information. Further, Narad Marketing Corporation seeks reimbursement for costs and counsel fees related to responding to Appellants' subpoena. Appellants have not responded to the Motions to Quash or the Motion for Contempt and Sanctions because Appellants maintain that they will wait until their previous motion for this Court's recusal is decided. (Appellants' Response to Exhibit "E" at 2). For the following reasons, the Motions to Quash Appellants' subpoenas are **granted**.

As an initial matter, pursuant to L. CIV. R. 7.1, Appellants had ten days from the date the original motions were filed to submit a response. Appellants have not filed a response to date except a statement that Appellants will refrain from filing a response until a decision is rendered on a previous motion filed by Appellants for this Court's recusal in another matter pertaining to In re Rose Color Inc.[2] (Appellants' Response to Exhibit "E"). This is not a basis for refraining from filing a response to the current motions.

---

[2] Appellants moved for this Court's recusal. The motion was denied on March 7, 2008.

5

FED. R. CIV. P. 45 requires a court to quash or modify a subpoena if the subpoena requires disclosure of privileged or other protected information, and no waiver or exception applies, or if the subpoena subjects a person to an undue burden. See FED. R. CIV. P. 45(c)(3)(A). Additionally, a court may quash or modify a subpoena if the subpoena seeks disclosure of commercial information and the party serving the subpoena has not shown a substantial need for the subject material. See FED. R. CIV. P. 45(c)(3)(B)(i); Golden Pacific Bancorp v. Federal Deposit Insurance Corp., 1999 U.S. Dist. LEXIS 20303 at *3 (D.N.J. Nov. 10, 1999).

In the matter of In re Rose Color Inc., Judge Gambardella issued an order on December 20, 2005 specifically prohibiting Appellants from conducting discovery against "the Trustee or other parties, without first obtaining leave of court." (Exhibit "B"). The Order instructs Appellants to satisfy the following in seeking leave from the court; Appellants must certify: (1) that the claims or issues are new and that such claims and issues have not been raised and disposed of on the merits by any federal court; (2) that Appellants believe the facts alleged in any action or motion are true and; (3) that Appellants know of no reason to believe that their claims are foreclosed by controlling law. See id. The Order also provides that should Appellants fail to certify such, or provide false certification, Appellants may be found in contempt of court and punished accordingly. See id.

Sherwin Williams asserts that the subpoena causes an undue burden on a non-party and that Appellants have not demonstrated an applicable waiver of the protected information. Sherwin Williams incurred costs and fees of $5,662 in value from answering Appellants' subpoena. (Exhibit "E"). The subpoena seeks any and all information (*e.g.* agreements of sale,

6

proposals of sale, invoices, etc.) related to transactions between Sherwin Williams or its subsidiaries and Narad Marketing Corporation for a period covering two years and three months. (Exhibit "D").  Further, the subpoena seeks all documentation related to transactions between Sherwin Williams or its subsidiaries and any other supplier or source of products that Sherwin Williams obtained from Rose Color, Inc. and is currently obtaining from Narad Marketing Corporation.  Id.  Narad Marketing Corporation argues that the subpoena seeks protected information and violates Judge Gambardella's December 20th Order.  (Notice of Mot. to Quash Subpoena at 2).

Not only does Judge Gambardella's Order specifically preclude Appellants from conducting discovery on any party relating to the matter of In re Rose Color Inc., thus protecting the information Appellants seek, but Appellants have also failed to obtain leave of court in the manner instructed and have failed to show any applicable waiver or exception to overcome the motions to quash the subpoenas.  Since it is proper to quash the subpoenas on the ground that Appellants seek protected information under Judge Gambardella's Order, there is no need to address Sherwin Williams' second argument that the information Appellants seek is protected "commercial information" under Rule 45, or Narad Marketing Corporation's assertion that the subpoena seeks personal and privileged information.  It is sufficient to say, however, that Appellants have failed to show a substantial need for such information if it is deemed "commercial" or "privileged" information.

      **B.**      **Sherwin Williams' Motion for Contempt and Sanctions is Granted Because Appellants Violated Judge Gambardella's Order which Caused Sherwin Williams to Incur Costs; This Court Requests Supporting Documentation for Narad Marketing Corporation's Demand for Costs and Counsel's Fees**

Sherwin Williams argues that an order of contempt is appropriate because Appellants have willfully disregarded Judge Gambardella's Order.  (Sherwin Williams' Br. at 5).  Further, Sherwin Williams moves for sanctions in the form of reimbursement for costs and fees incurred concerning the subpoena.  Id.  For the following reasons, Sherwin Williams motion for contempt and sanctions is **granted**.  This Court requests supporting documentation from Narad Marketing Corporation demonstrating reasonable costs and fees incurred in response to Appellants' subpoena.

In order to find a party in contempt for violating an order, a court must find that (1) a valid order exists, (2) the party has knowledge of the order and (3) the party disobeyed the order. See Bunzl Distribution Northeast, LLC v. Boren, 2008 WL 43995 at *3 (D.N.J. Jan. 2, 2008) (citing John T. Ex rel. Paul T. V. Deleware County Intermediate Unit, 318 F.3d 545, 552 (3d. Cir. 2003)).  A finding of contempt must be supported by clear and convincing evidence, therefore, it should not be granted if there is doubt surrounding the wrongfulness of the party's conduct.  See id.  Any ambiguities should be resolved in favor of the party charged with contempt.  See id.  Substantial compliance is a defense to civil contempt and the burden is on the defendant to demonstrate that he has taken all 'reasonable steps' to comply with the order.  See id. (quoting Harris v. City of Philadelphia, 47 F.3d 1311, 1326 (3d. 1995)).  Good faith alone is not a sufficient defense and willfulness is not a necessary element.  See id. (citing Robin Woods Inc. V. Woods, 28 F.3d 396, 399 (3d. Cir. 1994)).  Intent and willfulness are relevant, however, when determining the extent of sanctions against the party in contempt.  See id. at 15 (citing Harley-Davidson, Inc. V. Morris, 19 F.3d 142, 148-149 (3d. Cir. 1994)).

A court has "wide discretion" in imposing an appropriate sanction against a party in contempt. See id. (quoting Robin Woods Inc., 28 F.3d at 399). The purpose of contempt sanctions are twofold: (1) to "coerce" the party into compliance with the court's order and (2) to compensate for losses resulting from the party's disobedience. See id.

Clearly, Judge Gambardella's Order and Appellants' conduct satisfy the three-prong test to find civil contempt for violation of an order. Appellants, as parties to the litigation, are aware of a valid order prohibiting them from conducting discovery against any party relating to their bankruptcy case without first obtaining leave from the court. The violation of the order is apparent; Appellants neither obtained leave from the court nor refrained from seeking information specifically protected by the order (*e.g.* "...discovery against the Trustee or other parties" relating to In re Rose Color Inc.). (Exhibit "B"). Therefore, Appellants are found to be in contempt. Appellants have not asserted any argument in defense of their conduct.

Sanctions against Appellants are reasonable to compensate Sherwin Williams for the fees and costs incurred relating to this matter. Further, imposing sanctions will presumably keep Appellants from further violating Judge Gambardella's Order. Sherwin Williams has offered an invoice for services of counsel to handle this matter that demonstrates a cost incurrence of $5,662. (Exhibit "E"). A court has "inherent power to reimburse a party for outlays", Bunzl, 2008 U.S. Dist. LEXIS at *19, however, it is an abuse of discretion to award a reimbursement unless there is 'some indication of record as to the reasonableness' of the reimbursement. See id. (quoting Lichtenstein v. Lichtenstein, 425 F.2d 1111, 1113 (3d. Cir. 1970)). Reimbursing Sherwin Williams for any costs incurred is a reasonable remedy to restore Sherwin Williams'

position before this violation occurred.  As the Third Circuit noted, "only by the award of attorney's fees can a [party] be restored to the position it would have occupied had [Appellants] complied with the District Court's [order]."  Robin Woods Inc., 28 F.3d at 400.  In that case, the Circuit Court affirmed the lower court's award for attorney's fees based on testimony from the party's chief financial officer that he kept track of the costs incurred on a month to month basis.  See id. at 401.  An invoice stating the same suffices here.  Therefore, sanctions in the amount of $5,662 are imposed to reimburse Sherwin Williams for the costs incurred.

Narad Marketing Corporation requests sanctions for reimbursement of costs and counsel fees incurred from responding to Appellants' subpoena.  (Notice of Mot. to Quash Pl.'s Subpoena at 4).  Supporting documentation is requested since this Court has no record of the costs and fees incurred.

## IV. CONCLUSION

For the reasons stated, it is the finding of this Court that Sherwin Williams' Motion to Quash the Subpoena is **granted** and the Sherwin Williams' Motion for Contempt and Sanctions is **granted**. Narad Marketing Corporation's Motion to Quash the Subpoena is **granted** and this Court requests supporting documentation before it rules on sanctions for Narad Marketing Corporation.  An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:        March   14  , 2008
Orig.:       Clerk
cc:          All Counsel of Record
             Hon. Mark Falk, U.S.M.J.
             File